UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN TABERSKI,

                        Plaintiff,                    CASE NO.  05-71850

-vs-                                                  PAUL D. BORMAN
                                                      UNITED STATES DISTRICT JUDGE

MACOMB COUNTY, MR./MRS. POMILIA,
MR./MRS. MITRAK, MARIANNE RUSH,
TIM CHEVRIER, OFFICER(S) JOHN/JANE
DOE(S), against each officer in their individual
and official capacities,

                        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS CHEVRIER AND RUSH'S MOTION TO DISMISS

        Now before the Court is Defendant Chevrier and Rush's Motion to Dismiss.  Having

considered the entire record and having held a hearing on this motion, for the reasons that

follow, the Court GRANTS those Defendants' Motion to Dismiss in its entirety.

**I.      FACTS**

        Plaintiff Stephen Taberski ("Plaintiff") brought this suit on April 25, 2005.  Plaintiff's

Original Complaint[1] alleged state law claims and no federal claims.  (Compl., Docket No. 1).

Plaintiff filed an Amended Complaint (Docket No. 3) on June 3, 2005.  The Amended Complaint

included two counts of Fourth Amendment violations: (1) the use of excessive force during an

_____

    [1] Plaintiff initially filed a Complaint against Defendants Marianne Rush, Tim Chevrier, and
the Michigan Department of Corrections on July 14, 2004.  However, that Complaint was
voluntarily dismissed on September 9, 2004.

arrest; and (2) warrantless search and seizure without probable cause.  The Amended Complaint also alleged constitutional violations by Macomb County.

Plaintiff Stephen Taberski ("Plaintiff") is an individual and a resident of Centerline, Michigan.  (Am. Compl. ¶ 1).  Defendant Macomb County ("Macomb County") is organized and existing under the laws of the State of Michigan.  (Am. Compl. ¶ 2).  Defendants Pomilia ("Pomilia") and Mitrak[2] ("Mitrak") were employed the Macomb County Sheriff's Department. (Am. Compl. ¶ 3).  Defendant Officer(s) John/Jane Doe(s) was an employee of the Macomb County Sheriff's Department.  (Am. Compl. ¶ 4).  Defendant Probation Officers Marianne Rush ("Rush") and Tim Chevrier ("Chevrier") (collectively "Defendants"), were employees of the State of Michigan and assigned to the Department of Corrections, Probation Department.  (Am. Compl. ¶ 6).  Their office location was in Macomb County.

Plaintiff alleges that on August 6, 2003 he visited the Macomb County Probation Department for a scheduled meeting with Rush, his probation officer.  (Am. Compl. ¶ 8).  After Plaintiff's meeting with Rush, "the other individually named Defendants entered the office and Plaintiff was advised that he was under arrest for [a] probation violation."  (Am. Compl. ¶ 12). Plaintiff was read allegations by John/Jane Doe regarding his violations of probation and then, according to Plaintiff, was grabbed by Pomilia and Mitrak and thrown against a wall.  (Am. Compl. ¶¶ 13-14).  Plaintiff alleges that his arms were then forcefully pulled behind his back, causing injury to his shoulder.  (Am. Compl. ¶ 14).  Plaintiff further claims that handcuffs were put on him in an overly tight manner, also causing him injury.  (Am. Compl. ¶ 15).  It is

---

[2] Plaintiff did not note Pomilia and Mitrak's first names and does not allege whether they are male or female.

Plaintiff's contention that none of the individual Defendants, including Chevrier and Rush, attempted to prevent Plaintiff's unlawful arrest or stop the use of excessive force against his person, even though they had a duty to do so.  (Am. Compl. ¶ 16; Pl.'s Resp. 2).

Plaintiff was held at Macomb County Jail for four days and was required to appear for a probation violations hearing.  (Am. Compl. ¶ 17-18).  All of the charges against Plaintiff were eventually dismissed.  (Am. Compl. ¶ 19).  Defendants Chevrier and Rush brought this motion to dismiss on June 10, 2005.  Plaintiff filed his response on July 5, 2005.  Chevrier and Rush replied on July 12, 2005.

Defendants argue that there are no allegations in the Amended Complaint against Chevrier.  Defendants contend the Amended Complaint only mentions Chevrier when Defendants are referred to collectively, and that only mentioning Chevrier as part of a collective group is insufficient to state a claim.  Defendants also assert that there is no claim that Rush, at any time, used excessive force on Plaintiff or performed a warrantless search and seizure without probable cause.  Defendants aver that if Plaintiff is bringing a failure to protect claim against Rush, then a probation agent has no duty to prevent police officers from conducting an arrest.  And, even if there was a duty, Defendants argue that there are no allegations in the Amended Complaint that the force used against Plaintiff was excessive or continuing enough to compel Rush to act.

Plaintiff argues that he has set forth his claims with the requisite specificity and that Defendants are aware of the claims brought against them.  Plaintiff contends that Chevrier and Rush violated his constitutionally protected rights to be free from excessive force, and to be free from search and seizures which are warrantless and lack probable cause.

## II.     ANALYSIS

### A.     Standard

Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  A Rule 12(b)(6) motion alleges that a complaint has failed to state a claim upon which relief can be granted.  In evaluating such a motion, the court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations in the complaint as true, and "should not [grant the motion] unless is appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).  "However, the Court need not accept as true legal conclusions or unwarranted factual inferences."  *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).

The purpose of a 12(b)(6) motion is "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Accordingly, when reviewing a 12(b)(6) motion to dismiss, the court only examines whether the pleadings state a claim for which relief may be granted, and does not review additional evidence.  *See Nieman v. NLO,* Inc., 108 F.3d 1546, 1554 (6th Cir. 1997).  "As the First Circuit stated, '[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.' "  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 534, 546 n.3 (1st Cir.

4

1976)).

**B.    Discussion**

**1.    Excessive Force**

Defendants argue that Plaintiff's claim of excessive force should fail because: 1) a parole officer does not owe a duty to prevent police officers from conducting an arrest which used excessive force; and 2) there are no allegations in Plaintiff's Amended Complaint that action taken against Plaintiff by Officers Pomilia and Mitrak was excessive to the point where Chevrier and Rush owed a duty to act, if a duty was owed.

Police officers have a duty to intervene when other officers are beating a person in their presence.  In *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), the court found that inaction on the part of officers who witnessed an assault can subject those officers to liability.  *Id*. at 425-26. The *Bruner* plaintiff was hit numerous times with a flashlight, struck, kicked, and dragged down an alley by officers, while other officers did nothing to stop the assault.  *Id*. at 424.  The court held that:

> [O]ne who is given the badge of authority of a police officer may not ignore the
> duty imposed by his office and fail to stop other officers who summarily punish a
> third person in his presence or otherwise within his knowledge. . . . to hold
> otherwise would be to insulate non-supervisory officers from liability for
> reasonably foreseeable consequences of the neglect of their duty to enforce the
> laws and preserve the peace.

*Id*. at 426.  In *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990), the Sixth Circuit extended *Bruner* to correctional officers.  *Id*. at 188.  The *McHenry* plaintiff was punched in the upper back, had his head hit against a wall, repeatedly struck in the back, stomach and legs, and assaulted with a billy club by numerous correctional officers while others observed.  *Id*. at 186. The court held that "[a]pplying *Bruner* to the prison context, a correctional officer *who observes*

5

*an unlawful beating* may, nevertheless, be held liable under § 1983 without actively participating in the unlawful beating." *Id*. at 188. (emphasis added).

Probation officers do not have the same duties as police officers. Police officers enforce the laws and preserve the peace, which was the court's justification in *Bruner* for imposing liability on non-supervisory officers who are present at an unlawful beating. The probation system is mainly supervisory and regulatory, and does not focus on criminal investigations and arrests. In this instance, Rush's responsibility was to supervise Plaintiff and monitor his compliance with his probation conditions. Moreover, Plaintiff does not allege that Chevrier and Rush had any prior knowledge that excessive force would be used. The Court finds that Chevrier and Rush did not owe a special duty to Plaintiff and therefore there was no duty to act.

Additionally, even if Chevrier and Rush owed a duty, Plaintiff's incident was distinguishable from the force used in *Bruner* and *McHenry*. In those cases, the plaintiffs were repeatedly punched, kicked, and hit with other objects. In addition, the beatings by the police and correctional officers in *Bruner* and *McHenry* were continuing and lengthy episodes. Here, Plaintiff's Amended Complaint alleges:

13. The unknown John Doe read the allegations regarding [Plaintiffs] alleged probation violation.
14. . . . [W]ithout warning, Defendants [] Pomilia and [] Mitrak grabbed Plaintiff, threw him against a wall and pulled his arms behind his back with great force and violence . . .
15. The Defendants then applied handcuffs to Plaintiff's wrists in an overly-tight fashion . . .

(Am. Compl. ¶¶ 13-15). The Complaint contains no allegations that Plaintiff was ever struck by the officers. The actions by the officers appeared to be in furtherance of an arrest, were not

6

repetitive, and the incident ended quickly.  Thus, even if the arrest force was excessive, the incident was too brief for Chevrier and Rush to intervene.

Therefore, the Court finds that even if the duty imposed in *Bruner* and *McHenry* applies to probation officers, the force used in the instant case did not rise to the level necessary to impose a duty to act upon Chevrier and Rush.[3]  Accordingly, viewing the Complaint in a light most favorable to Plaintiff, the Court grants Defendants Chevrier and Rush's Motion to Dismiss Count I.

## 2.    Unreasonable Search and Seizure

Defendants argue that Chevrier should be dismissed from the instant action because Plaintiff's Complaint fails to allege any personal involvement in the unreasonable search and seizure.[4]  Defendants also argue that the only personal involvement on the part of Rush was that she met with Plaintiff before the alleged unreasonable search and seizure and was present when the search and seizure occurred.  Plaintiff argues that he has plead the facts with the requisite specificity to keep Chevrier and Rush in as defendants in this case.

"[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right."  *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002); *see Chapman v. City of*

---

[3] Additionally, even if the Court found that the force used by Pomilia and Mitrak triggered Chevrier and Rush's duty to intervene, the incident was completed before they had time to act.

[4] Plaintiff alleges that seizure was warrantless and without probable cause

*Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

In the instant case, Plaintiff's Complaint alleges that on August 6, 2003, Rush had a meeting with Plaintiff. After the meeting, Plaintiff alleges that "[Officers Pomilia and Mitrak] acted unreasonably by arresting him and failed in their duty to investigate." Plaintiff also alleges that "[a] reasonable officer would have known that a warrant or probable cause was required before they could arrest [] and seize him." Nowhere in the Amended Complaint does Plaintiff mention how Rush and Chevrier specifically violated Plaintiff's Fourth Amendment right to be free from an unreasonable search and seizure. Therefore, the Court finds that Plaintiff did not plead Count II with the requisite specificity. Accordingly, the Court grants Defendants Chevrier and Rush's Motion to Dismiss Count II.

## III.     CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Chevrier and Rush's Motion to Dismiss on all counts.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 1, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 1, 2006.

s/Jonie Parker
Case Manager